SCHWARTZ, Chief Judge
(concurring in part, dissenting in part).
The plaintiff appellant is in the business of selling and leasing durable medical equipment, including hospital beds, oxygen supplies and the like. It sued a partnership of physicians and a competing medical corporation, alleging that the defendant doctors had been improperly steering patients to its competitor and that this conduct constituted a restraint of trade in violation of the Florida Antitrust Act, section 542.18, Florida Statutes (1985). I do not agree with the majority that the fact that, pursuant to section 458.331(l)(gg), Florida Statutes (Supp.1986), this conduct may not form the basis of disciplinary proceedings against the physicians insulates them, much less the competing corporation (which is plainly not a doctor subject to Chapter 458 at all) from liability under the antitrust laws. Thus, I do not concur with the major premise of the majority opinion.
I do believe that no antitrust violation at all is properly stated in the complaint. Since, however, it was only the immunity question upon which the trial court ruled, I believe also that the plaintiff should be given an opportunity to amend so as to properly make such an allegation. Thus, although I express some mystification as to why the court would permit an amendment which must be useless in the light of its holding that what the defendants are accused of doing is not actionable as a matter of law, I bemusedly agree with the result.